UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOEL M. GONZAGA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-3947 |
| | § | |
| NATIONAL OILWELL VARCO, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is the defendant's motion to dismiss plaintiff's complaint and plaintiff's motion for leave to supplement the complaint. Dkt. 22, 21. Plaintiff Noel M. Gonzaga ("Gonzaga") alleges several discriminatory actions taken by the defendant-employer, National Oilwell Varco, Inc. ("NOV"), leading to his termination on August 27, 2010. Dkt. 1 at 4–9; *see also id.*, Ex. 2 (notice of termination that Gonzaga signed on August 27, 2010). On July 26, 2011, Gonzaga filed a charge of discrimination with the U.S. Equal Employment Commission ("EEOC") and the Texas Workforce Commission ("TWC"), alleging that NOV discriminated against him on the basis of age, color, and national origin. Dkt. 1, Ex. 1 at 2.

NOV moves to dismiss Gonzaga's claims under Rule 12(b)(6), contending that his complaint is time-barred.[1] Dkt. 22 at 1. Gonzaga's claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). They are all based on conduct occurring on or before his termination on August 27, 2010, and he had at most 300 days after that date to file a discrimination charge with the TWC. *See* 42 U.S.C. § 2000e-5(e)(1) (plaintiff

---

[1] NOV also moved to dismiss the complaint for insufficient service of process under Rule 12(b)(5). Because the court finds that NOV's Rule 12(b)(6) motion is dispositive, the court expresses no opinion on NOV's motion to dismiss on alternative grounds.

must file a Title VII charge with a state agency no later than 300 days after the unlawful employment practice occurred); 29 U.S.C. § 626(d)(1)(B) (same for a charge of discrimination under the ADEA). Gonzaga filed his charge of discrimination on July 26, 2011, more than 330 days after the date of his termination and the last alleged discriminatory act. Dkt. 1, Ex. 1 at 2. Accordingly, his claims are barred by the applicable statutes of limitations. *Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 365–66 (5th Cir. 2011).

NOV's Rule 12(b)(6) motion to dismiss is GRANTED. Further, because Gonzaga's motion for leave to supplement would only add additional requests for damages and no new claims for relief, Gonzaga's motion for leave (Dkt. 21) is DENIED AS MOOT. The court will enter a separate final judgment consistent with this order.

It is so ORDERED.

Signed at Houston, Texas on October 15, 2012.

_____
Gray H. Miller
United States District Judge